UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SETH GEHLING, ) | |
| ) | Case No. 3:21-cv-400 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | |
| BILLY SLIAGER, RICKY OAKS, and ) | |
| JEFFERSON COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that Defendant Billy Sliager, another inmate, masturbated in his presence and later engaged in unwanted sexual behavior with him while he was asleep. Plaintiff also alleges that Sliager took these actions after he had filed a Prison Rape Elimination Act ("PREA") complaint and had spoken to Defendant Chief Ricky Oaks about Sliager's prior behavior [Doc. 1]. For the reasons set forth below, this action will proceed only as to Plaintiff's claim that Defendant Ricky Oaks failed to protect Plaintiff from Defendant Inmate Sliager, and all other claims and Defendants will be **DISMISSED**.

I.      **SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal

standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. ALLEGATIONS

In his complaint, Plaintiff alleges that, in the months after he began to share a cell with Sliager, who has been charged with rape of a child and has faced multiple charges for sexual assault and battery, Sliager would masturbate in front of Plaintiff while they were talking "about something unrelated" [Doc. 1 at 3–4, 6]. Plaintiff also alleges that Sliager would "act childish[ly]" with Plaintiff in the cell but act differently at recreation time, and that Defendant Inmate Sliager would offer to give Plaintiff money to order commissary [*Id.* at 6].

On an unspecified date that Plaintiff cannot remember, Plaintiff filed a PREA complaint regarding Sliager and told Defendant Chief Ricky Oaks that Sliager would masturbate in front of Plaintiff while staring at him [*Id.*]. But, later that week, Sliager engaged in sexual activity with

2

Plaintiff while he was asleep [*Id.* at 4, 6]. During this sexual activity, Sliager held Plaintiff down and told Plaintiff he loved him while Plaintiff was "in complete shock [and] feared for [his] life as [Sliager] victimized [him]" [*Id.* at 4, 6]. Sliager then told Plaintiff that he would take all of Plaintiff's trays if Plaintiff did not allow him to engage in sexual activity with Plaintiff again, and that "there would be no one that would love [Plaintiff] like he did" [*Id.*].

Plaintiff has sued Sliager, whose position he lists as "Jefferson County Jail," and Defendant Chief Ricky Oaks, whose name he follows with "Jefferson County Sheriff's Office" [*Id.* at 3].

### III. ANALYSIS

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983. While Plaintiff has named Sliager as a Defendant in this action, nothing in the complaint suggests that any of Sliager's actions constitute state action, as required for him to be liable for those actions under § 1983. *Tahfs v. Proctor*, 316 F.3d 584, 590–91 (6th Cir. 2003) (setting forth the relevant tests for whether a private party may be considered a state actor for purposes of §1983); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (providing that "[t]he principal inquiry in determining whether a private party's actions constitute 'state action' under the Fourteenth Amendment is whether the party's actions may be 'fairly attributable to the state.'" (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)); *Nobles v. Brown*, 985 F.2d 235, 238 (6th Cir. 1992) (finding inmate was not a state actor where he was not acting under color of state "statute, ordinance, regulation, custom, or usage"). Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Sliager, and he will be **DISMISSED**.

Additionally, it is unclear if Plaintiff intended to name the Jefferson County Jail and/or the Jefferson County Sheriff's Office as Defendants. But to the extent that he did, they are not suable entities under § 1983. *See Anciani v. Davidson Cty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"). Moreover, Plaintiff does not allege that any act alleged in the complaint resulted from a custom or policy of Jefferson County, such that the Court could liberally construe the complaint to state a claim against this municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, as Plaintiff adequately alleges that Defendant Chief Oaks failed to protect Plaintiff from a risk of harm from his cellmate, this claim will proceed.

## IV. CONCLUSION

Accordingly, for the reasons set forth above:

1. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983, except as to Plaintiff's claim that Defendant Chief Oaks failed to protect him from his cellmate;

2. All other claims and Defendants are **DISMISSED**;

3. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Chief Oaks;

4. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

5. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

4

6. Service on Defendant Chief Oaks shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

7. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action may be dismissed;

8. Defendant Chief Oaks shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If this Defendant fails to timely respond to the complaint, it may result in entry of judgment by default; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Chief Oaks or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**