# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| SETH GEHLING, ) | |
| ) | Case No. 3:21-cv-400 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Jill E. McCook |
| RICKY OAKS, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that proceeded as to Plaintiff's claim that Defendant Chief Oaks failed to protect him from inmate Sliager [Doc. 8 p. 4]. On April 20, 2022, the Court entered an order directing the Clerk to send Plaintiff a service pack for Defendant Chief Oaks and ordering him to complete the service packet and return it to the Clerk within twenty days, among other things [*Id.* at 4–5]. Plaintiff complied, but the service packet he returned was incomplete [Doc. 10]. Accordingly, on May 18, 2022, the Clerk sent Plaintiff a notice informing him that the service packet he returned was incomplete and that he should return a completed service packet [Doc. 11]. But more than eight weeks passed after the Clerk sent this notice, and Plaintiff did not return a completed service packet.

Accordingly, on July 28, 2022, the Court entered an order requiring Plaintiff to either return a completed service packet or show good cause as to why the Court should not dismiss this action for want of prosecution based on his failure to do so within fifteen days of entry of that order and notifying Plaintiff that failure to timely comply with that order would result in dismissal of this action [Doc. 12]. However, the United States Postal Service ("USPS") returned

the Court's mail to Plaintiff containing that show cause order as undeliverable with a notation indicating that the address to which the Court sent the mail has no mail receptacle, and the USPS could not forward the mail [Doc. 13 p. 1, 7].

On August 23, 2022, the Court sent a second show cause order to a different address the Court located for Plaintiff on a filing in the record [Doc. 14 p. 1–2]. In this order, the Court again notified Plaintiff that if he failed to timely return a completed service packet or show good cause for his failure to do so, the Court would dismiss this action [*Id.* at 3]. However, Plaintiff has not responded to the Court's most recent show-cause order [*Id.*], and his time for doing so has passed. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with its previous order is due to his willfulness or fault, as it appears that Plaintiff either received the

order and chose not to comply, or that Plaintiff has failed to update the Court as to his most recent address, monitor this case, and/or diligently prosecute this action, as this Court's Local Rule requires. E.D. Tenn. LR 83.13 (providing that a pro se party has a duty to notify the Clerk and the other parties to the proceedings of any change in his or her address within fourteen days, "to monitor the case, and to prosecute . . . the action diligently" and that "[t]he failure of a pro se plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action"). As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendants, as they have not been served with the complaint. As to the third factor, the Court notified Plaintiff that failure to timely comply with its previous orders would result in dismissal of this action [Doc. 12 p. 2; Doc. 14 p. 3]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as the Court granted Plaintiff leave to proceed *in forma pauperis* in this action, and he has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from responding to the Court's order or updating the Court as to his current address, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**